## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:05CV00485 ERW ) |
| ALAN BLAKE, et al., | ) ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary and injunctive relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendants are Alan Blake (SVP Administrative Director), Patricia Weaver (nurse), Mary Beath Ashland, and "Unknown Persons" (MSOTC employees).

Plaintiff alleges that he "is being punish[ed]" at MSOTC, and that the "medical profession . . . can be callous and reckless when dealing with patients." To the extent that plaintiff is challenging the constitutionality of Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513, under which

he is involuntarily confined,[1] the Court notes that a favorable ruling on plaintiff's § 1983 claim would necessarily imply the invalidity of plaintiff's current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 490 (1973). Even if the Court liberally construed this action as a federal habeas corpus action, there is no indication that plaintiff has previously presented his claims relative to the unconstitutionality of § 632.480 to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. It appears that plaintiff would have the opportunity to assert his claims in the civil commitment proceedings, and if necessary, on direct appeal.

Plaintiff further alleges that "staff have come to feel they can [safely] abuse patients in any way they desire [without] being held accountable for their actions." To the extent that

---

[1] Missouri's SVPA authorizes the civil commitment of "sexually violent predators," persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility. See Mo. Rev. Stat. 632.480, et seq.

3

plaintiff is claiming that the sexual offender program at the Farmington Treatment Center is a medical service and is inadequate under the Due Process Clause of the Fourteenth Amendment, he "must show that any medical deprivation is objectively serious" and that defendants "are acting with deliberate indifference to his needs." Tineybey v. Peters, 2001 WL 527409 (N.D.Ill.).[2] "Dissatisfaction with a medical program or disagreement with how a medical program is run . . . is not indicative of deliberate indifference . . . and by itself, cannot support a § 1983 claim." Id. Plaintiff's allegations, at most, constitute dissatisfaction or a disagreement with the sexual offender treatment program, which simply is not cognizable as a constitutional violation.

In addition, plaintiff claims that defendants Alan Blake and Unknown Persons "have willfully and deliberately violated [his] due process rights by placing [him] in #10 house where asbestos tile hung from the ceiling and was on pipes." He states that he "is now on oxygen 24-7 from being exposed to asbestos for about two years in #10 house at Farmington." Plaintiff's claims against defendant Alan Blake survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, defendant Alan Blake shall reply

---

[2]Cf. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 906 (8th Cir. 1999)(Fourteenth Amendment entitles pretrial detainees to at least as great protection as that afforded convicted prisoners under Eighth Amendment; Eighth Circuit has yet to settle on clearly binding standard).

to this claim.  The complaint will be dismissed, however, as to defendants "Unknown Persons."  In general, fictitious parties may not be named as defendants in a civil action.  <u>Phelps v. United States</u>, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.  <u>Munz v. Parr</u>, 758 F.2d 1254, 1257 (8th Cir. 1985).  In the case at hand, the complaint does not contain allegations specific enough to permit the identity of "Unknown Persons" to be ascertained after reasonable discovery.  These particular defendants are both unidentified and indeterminate in number.  This is not permissible.  <u>See</u> <u>Estate of Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Last, the complaint is legally frivolous as to defendants Patricia Weaver and Mary Beath Ashland, because plaintiff has failed to assert any allegations directly against them.  <u>See</u> <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990)(§ 1983 liability requires causal link to, and direct responsibility for, alleged deprivation of rights); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #8] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's original motion to proceed in forma pauperis [Doc. #2] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that, as to defendant Alan Blake, the Clerk shall issue process or cause process to be issued upon the complaint.

**IT IS FURTHER ORDERED** that, as to defendants Patricia Weaver, Mary Beath Ashland, and "Unknown Persons," the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 8th Day of July, 2005.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**