UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV00485 ERW |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Restraining Order [doc. #21, 28], Plaintiff's Motion to Amend/Correct Defendant's name [doc. #21], Plaintiff's Motion Over Care and Treatment at Mental Health [doc. #25], Plaintiff's Motion to Appoint Counsel [doc. #26], and Plaintiff's Motion for Relief/Restraining Order [doc. #30]. The Court held a telephone hearing on November 22, 2005 to hear arguments relating to Plaintiff's motions.

Plaintiff is an inmate at the Missouri Sexual Offender Treatment Center in Farmington, Missouri. He has filed four motions seeking injunctive relief against Alan Blake, an administrator of the sexually violent persons group at the Treatment Center.[1] Overall, based on the content of Plaintiff's several motions and his representations during the telephone conference, Plaintiff is primarily requesting that employees working at the Treatment Center treat the prisoners with dignity and fairness. In the first pending motion, Plaintiff alleges generally that he is being harassed [doc. #21]. In the second motion, he claims that he is being punished (1) by not being

---

[1] Plaintiff's motions seek injunctive relief against numerous persons not named in or already dismissed from Plaintiff's complaint. For example, in document # 21, he alleges all of the staff in Hocker 1 is harassing him. Document # 25 includes allegations against Assistant Attorney General Dustin J. Allison, the lawyer for Alan Blake, claiming Mr. Allison subjected Plaintiff to cruel and unusual punishment during Plaintiff's deposition. The Court will construe the motions as naming only Alan Blake, the only remaining defendant.

1

permitted to smoke, (2) by being required to eat his meals in the day hall without being permitted to watch television, (3) because someone took his coffee from him, (4) because he was "written up" for a rule violation and did not get his monthly "tip"[2] or his ten minute phone call, (5) because he was not permitted to bring a friend to his deposition after he was told that he would be permitted to do so, and (6) because he has not seen his personal radio for five years [doc. # 25]. In the third motion, he claims again that he is being punished. He claims that Defendant made him stop smoking and has revoked his "tip" as punishment [doc. # 28]. In the final motion, Plaintiff alleges that his shower time was moved from 8:30 p.m. to 7:30 p.m. as punishment so that a day worker can make sure that Plaintiff has "soaped up" in the shower [doc. # 30].

In order for the Court to grant a temporary restraining order, the Court will consider "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Dataphase Systems v. C.L. Systems, 640 F.2d 109 (8th Cir.1981) (en banc)). Plaintiff bears the burden of proving a temporary injunction is necessary. Id. "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Id. (internal quotations omitted).

The Court finds that Plaintiff has failed to show any irreparable harm. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) ("Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction."). Plaintiff fails to carry his burden of proof in this case. He repeatedly complains that he was forced to quit smoking; however, he admits that he is "on oxygen 24-7." He admits that many of the punishments were given as a result of being "written up" for violating the Treatment Center's rules. After being cited for a

---

[2]Plaintiff receives $14.00 monthly, which he calls a "tip."

violation of "unsanitary conditions" (see MSOTC Application for Level Advancement, doc. # 31]his time in the shower was changed so an observation could be made as to whether he was "soaping-up." Plaintiff's complaints include no allegation of irreparable harm.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Restraining Order [doc. #21, 28] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion over Care and Treatment at Mental Health [doc. #25] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief/Restraining Order [doc. #30] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct Defendant's name [doc. #21] is **DENIED**. Plaintiff's Motion names Defendants that have already been dismissed from this case. Furthermore, Plaintiff misspelled Defendant Alan Blake's name in the Motion to Amend.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [doc. #26] is **DENIED** without prejudice and is granted leave to refile at a later date.

Dated this 2nd day of December, 2005.

                                              E. RICHARD WEBBER
                                              UNITED STATES DISTRICT JUDGE