UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY COFFMAN,                    )
                                  )
        Plaintiff,                )
                                  )
vs.                               )    Case No. 4:05CV00485 ERW
                                  )
ALAN BLAKE,                       )
                                  )
        Defendant.                )

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Alan Blake's ("Defendant") and Larry Coffman's

("Plaintiff") Cross-Motions for Summary Judgment [doc # 34 ] and [doc # 39] respectively.

## I. BACKGROUND

Plaintiff is civilly committed  pursuant to Missouri's Sexually Violent Predators Act

("SVPA"), Mo. Rev. Stat. §§ 632.480-513 and has been a resident at Missouri Sexual Offender

Treatment Center ("MSOTC") since August 23, 2000.[1]  When Plaintiff arrived at the MSOTC, he

was housed at #10 House.  Several health examinations revealed that Plaintiff was suffering from

Chronic Obstructive Pulmonary Disease ("C.O.P.D.") and Emphysema, and as a consequence,

Plaintiff has had respiratory problems since he arrived at MSOTC.

Defendant is currently the Chief Operating Officer ("COO") and Head of the MSOTC.

He became employed at MSOTC on May 16, 2002, sometime after Plaintiff had been assigned to

---

[1]To the extent that Plaintiff does not dispute Defendant's statement of facts, they are
deemed admitted pursuant to Eastern District of Missouri Local Rule 4.01(E) which states in
relevant part: All matters set forth in the statement of the movant shall be deemed admitted for
purposes of summary judgment unless specifically controverted by the opposing party.

1

Dockets.Justia.com

# 10 House.  Defendant supervises the operations at the MSOTC and does not personally assign residents to housing units.

Plaintiff alleges that Defendant and others, willfully and deliberately placed him in #10 House, but he admits he does not know who, specifically, assigned him to #10 House.  Plaintiff contends that, as COO, Defendant was responsible for Plaintiff's  housing assignment because Defendant was responsible for the supervision of those who actually assigned Plaintiff to # 10 House.  In his Complaint,  Plaintiff alleges that he currently requires oxygen to breathe normally because of exposure to asbestos.  Plaintiff claims that he was told by a former MSOTC employee, whose name he does not remember, that there were asbestos tiles in #10 House.  However, Plaintiff admits that he does not know if his alleged exposure is the reason for his respiratory problems.

Plaintiff  filed this action against Defendant pursuant to 42 U.S.C. § 1983, alleging that Defendant willfully and deliberately violated his due process rights under the Fourteenth Amendment when Defendant and other "Unknown Persons" placed him in a building in which asbestos tiles hung from the ceiling and the pipes.  The parties have filed cross-motions for summary judgment.


## II.  SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c); *Crumley v. City of St. Paul*, 324 F.3d 1003, 1006 (8th Cir. 2003).  The United States Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 1).

"'By its terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no *genuine* issue of *material* fact.'"  *Hufsmith v. Weaver*, 817 F.2d 455, 460 n.7 (8th Cir. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis added by Supreme Court)).  Material facts are "those 'that might affect the outcome of the suit under governing law.'"  *Id.*  (quoting *Anderson*, 477 U.S. at 247-48).  Summary judgment will be denied due to a material issue of genuine fact if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party."  *Crumley*, 324 F.3d at 1006.  Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 322-23, *quoted in St. Jude Med., Inc. v. Lifecare Intern., Inc.*, 250 F.3d 587, 595 (8th Cir. 2001).

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor.  *Crumley*, 324 F.3d at 1006 (citing *Lynn v. Deaconess Med. Ctr.-W. Campus*, 160 F.3d 484, 487

(8th Cir. 1998)).  The burden then shifts to the non-moving party who must set forth specific

evidence showing that there is a genuine dispute as to material issues.  *Anderson*, 477 U.S. at 249.

To meet its burden, the non-moving party may not rest on the pleadings alone and must "do more

than simply show there is some metaphysical doubt as to the material facts."  *Matsushita*, 475

U.S. at 586.

In analyzing summary judgment motions, the court must view the evidence in the light

most favorable to the non-moving party.  *Crumley*, 324 F.3d at 1008.  The non-moving party is

given the benefit of any inferences that can logically be drawn from those facts.  *Matsushita*, 475

U.S. at 586.  The court may not "weigh the evidence in the summary judgment record, decide

credibility questions, or determine the truth of any factual issue."  *Kampouris v. St. Louis*

*Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000).  The court instead "perform[s] only a

gatekeeper function of determining whether there is evidence in the summary judgment record

generating a genuine issue of material fact for trial on each essential element of a claim."  *Id.*

## III.  DISCUSSION

Defendant contends he should be granted summary judgment because Plaintiff's claims are

barred by the doctrine of respondeat superior, and that he is entitled qualified immunity.  The

Court agrees.

Plaintiff's allegation of exposure to asbestos, as it relates to Defendant, is based on the

theory of respondeat superior because Plaintiff is claiming that Defendant is liable for the acts of

those he supervises.  The law is well established that liability under 42 U.S.C. § 1983 cannot

attach on the theory of respondeat superior. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). To succeed, a § 1983 Plaintiff must demonstrate that the defendant was personally involved in the constitutional deprivation or had actual knowledge of the injury. *Wilson v. Cross*, 845 F.2d 163, 165 (8th Cir. 1988). A general responsibility for supervising the operations of a correctional facility is insufficient to establish the personal involvement required to support liability. *Keeper*, 130 F.3d at 1314. However, if a supervisor continuously fails to rectify known violations, an inference of reckless disregard or tacit authorization may be drawn and liability may attach in that case. *Howard v. Adkison*, 887 F2d 134, 138 (8th Cir. 1989).

In the present case, Plaintiff has not alleged that Defendant was personally involved in the assignment of housing units to residents at MSOTC. Plaintiff asserts that Defendant is responsible for his alleged exposure because even though Defendant did not assign him to #10 House, Defendant was responsible for those who made that assignment. Plaintiff cannot prevail on this theory of liability. *See Keeper*, 130 F.3d at 1309. Plaintiff has failed to establish any personal involvement on the part of Defendant in the alleged deprivation of his constitutional rights. Plaintiff does not know who assigned him to #10 House. By the time Defendant commenced his employment at MSOTC, Plaintiff had already been assigned to #10 House. Thus, Defendant could not have been personally involved in the Plaintiff's assignment. Furthermore, Plaintiff does not allege any reckless disregard or tacit authorization on the part of Defendant.

Defendant also contends that he entitled to qualified immunity as a government official. In performing discretionary functions, government officials are generally protected from liability for civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*,

5

457 U.S. 800, 818 (1982).  To determine whether Defendant is entitled to qualified immunity, this Court must first consider, drawing all inferences in favor of Plaintiff, whether the alleged facts show a violation of a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 201 (U.S. 2001).  If the answer to the above inquiry is in the negative, then the suit terminates at this juncture.  *Id*.  However, if a violation of a constitutional right is found, the Court must make a second inquiry as to whether the right was clearly established.  *Id*.

Plaintiff, in the present case, alleges that he was exposed to asbestos while he was housed at #10 House, and as a result, he requires oxygen to breathe normally.  Plaintiff's knowledge of the existence of asbestos in #10 House is derived from a statement allegedly made by a former employee of MSOTC, whose last name Plaintiff does not know.  Plaintiff does not provide any evidence of what type of asbestos to which he was exposed, how this exposure injured him, or what injury he suffered as a result.  Plaintiff fully admits that he does not know if his current respiratory problems stem from his alleged exposure to asbestos.

To the extent that this Court can decipher Plaintiff's allegations, he seem to be claiming that he has a right not to be exposed to any asbestos anywhere.  There is no such constitutional right, as far as this Court can tell.  Without a showing that there actually was asbestos present in #10 House, and that this asbestos was in a form that might endanger those who are exposed to it, Plaintiff does not state a cause of action for the violation of the claimed constitutional right.

Defendant is therefore entitled to qualified immunity, and Defendant's Motion for Summary Judgment will be granted, and Plaintiff's Motion for Summary Judgment will be denied as moot.

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [doc. # 34] is **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss [doc. # 39] is **DENIED, as Moot.**

So Ordered this <u>11th</u> day of August, 2006.

E. RICHARD WEBBER

UNITED STATES DISTRICT JUDGE